THE STATE OF NEW JERSEY, PROSECUTOR, v. MAURICE F. BAKER, DEFENDANT.

Decided May 12, 1925.

Motor Vehicles—Intoxicated Driver—Arrested, Taken to Police Station, Detained Several Hours, Bail Finally Fixed by Recorder's Clerk—Complaint Sworn to Before Recorder's Clerk—Complaint Did Not State Particular Violation of Act Upon Which Defendant was Convicted—Commitment to County Jail For Indefinite Term—Defendant's Counsel Moved For Dismissal in Common Pleas on Ground of Lack of Jurisdiction of Magistrate—Statute, in Derogation of Common Law, Closely Affecting the Liberty and Property of the Individual, and Highly Penal, a Strict Construction Must be Given—Magistrate's Authority Must Appear Within the Strict Letter of the Law—Judgment of Common Pleas in Dismissing Complaint Affirmed.

On *certiorari* to the Essex County Common Pleas Court.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *John O. Bigelow.*

For the defendant, *Howard Isherwood.*

PER CURIAM.

The facts in this case which present the legal question for determination are as follows: The defendant, Baker, was arrested on the 30th day of August, 1923, at or about midnight,

on Central avenue, East Orange, for operating an automobile while under the influence of intoxicating liquor on the public highway. He was taken to the police station, thence to a physician and brought back again to the police station.

At about nine o'clock in the morning of August 30th the defendant was released on bail fixed by the clerk of the recorder's court, the defendant's car being taken as security. The bail was fixed and taken by the clerk. Apparently, from the case, as stated before us, the clerk first fixed the 5th day of September, 1923, for a hearing, and then again postponed the hearing to September 12th, 1923. At that time counsel, on behalf of defendant, made a motion to dismiss the complaint, because it was not made until September 12th, 1923, though the *jurat* of the complaint bears date of September 11th. It also shows that it was sworn to before "James I. Rush, clerk of the recorder's court."

According to the record of conviction sent to the Court of Common Pleas, the defendant was convicted of violating the fourteenth section of the Motor Vehicle act (reciting the title thereof), and then concludes thus: "Wherefore, I, the said Edward L. Stasse, recorder, do hereby order that the said Maurice F. Baker, defendant, be and hereby is committed to the common jail of the county of Essex."

The two fatal defects in the conviction are—1. That it does not state of what particular violation of section 14 the defendant was convicted. This section has fourteen subdivisions, each of which provides for different offenses and penalties. Subdivision 3 of section 14 is the only section which interdicts the operating of automobiles while under the influence of intoxicating liquor, and provides a penalty therefor. 2. The commitment of the defendant to the county jail is for an indefinite term, whereas the statute says it shall not be less than thirty days nor more than six months. This situation cannot avail the defendant since he chose to go by appeal to the Common Pleas Court, which by the statute operates as a trial *de novo*. Although it is stated in the brief of counsel of the prosecutor that the defendant admitted his guilt in the court below, a careful scrutiny of the record discloses no such

admission. What appears to have been done was that the defendant rested his appeal on the want of jurisdiction of the court of first instance in the failure to obey the behests of the statute creating the offense and conferring jurisdiction upon a magistrate to deal with a violation of the statutory mandates. The act of counsel in waiving the taking of testimony in the Court of Common Pleas was in the nature of a demurrer for the purpose of having the legal questions involved in the controversy settled. Of course, if the court had determined the defendant's legal objections to the proceedings adversely to him, there would be no other way for the court to pursue than to pronounce judgment unless leave was given to defendant to contest the facts.

It was and is not an uncommon thing to. demur to an indictment, though a demurrer is predicated upon an admission of the truth of what is charged against the accused, but legal accountability therefore is denied. So, also, a plea to the jurisdiction, sometimes expressly and sometimes inferentially, admits the facts of the case, but this situation, nevertheless, cannot deny the right of an accused to be tried according to law. Returning from this digression to a consideration of what took place before the Court of Common Pleas, we find that counsel on behalf of defendant moved for a dismissal of the complaint upon the ground that magistrate had acquired no jurisdiction. This motion was founded mainly on a failure to comply with the requirements of section 31, subdivision 1 of the Motor Vehicle act (*Pamph. L.* 1921, pp. 680, 681), which provides: "Arrest without warrant, detention of person; hearing. Any constable or police officer, or motor vehicle inspector or the commissioner of motor vehicles, is hereby authorized to arrest, without warrant, any person violating in the presence of such constable, or police officer, or motor vehicle inspector, or the commissioner of motor vehicles, any provisions of this act, and to bring the defendant before any magistrate of the county where such offense is committed. The person so offending shall be detained in the office of the magistrate until the officer making such arrest shall make oath or affirmation, which he shall do forthwith,

declaring that the person under arrest has violated one or more of the provisions of this act, and specifying the provision or provisions violated, whereupon said magistrate shall issue a warrant returnable forthwith, and the magistrate shall proceed summarily to hear or postpone the cause as provided in sections 26 and 27 of this act." Turning to section 26, we find that it provides "any hearing to be held pursuant to this act shall, on the request of the defendant, be adjourned for a period not exceeding thirty days from the return day named in any summons, or from the return day if named in any warrant, or from the date of any arrest without warrant, as the case may be, but in such case it shall be the duty of the magistrate to detain the defendant in safe custody, unless he shall make a cash deposit." &c.

Bearing in mind that the statutory provisions are in derogation of the common law, and that they closely affect the liberty and property of the individual, and are highly penal in character, a strict construction must be given to them. The law frowns upon any attempt to enlarge the scope of the statute or to loosen a strict adherence to the statutory procedure prescribed. It must clearly appear that the exercise of the magistrate's authority was within the strict letter of the law, since the law permits, in this class of cases, no intendment that it was.

A plain reading of the statute discloses that the legislative intent was to provide methods of procedure by which persons arrested without warrant should be carefully protected in their rights. It is absurd to say that the method of procedure declared by the legislature as to what shall be the duty of a magistrate when an accused is arrested without warrant, is merely directory. It is clearly mandatory. To hold the statutory declaration that a warrant shall be issued forthwith preliminary to a hearing by the magistrate is merely directory, and hence the omission to observe the statutory mandate is inconsequential, is equivalent to an elimination from the statute by judicial decision, a legal step to be taken by the magistrate before he shall proceed to a hearing of the complaint, which legal step the legislature has expressly declared

shall be taken forthwith by the magistrate before such hearing. It must not be overlooked that the jurisdiction which the magistrate derives from the statute is special and personal. The statute cannot properly be construed so as to include clerks of magistrates. The power which is conferred upon the magistrate as a special tribunal cannot be delegated to his clerk, or the clerk of the court without special authorization by legislative enactment. In the instant case we have a complaint not sworn to before the magistrate, but before a clerk of the court. The warrant of arrest recites: "Whereas, it appears to me, the subscriber, James I. Rush, clerk of the recorder's court of the city of East Orange, in the county of Essex, on the information, under oath, of Policeman Thomas Sharkey, a police officer of the said city of East Orange, that Maurice F. Baker, of the city of Newark, county of Essex and State of New Jersey, did violate the provisions of section 14 of an act of the legislature of the State of New Jersey," &c., &c.

"These are, therefore, in the name of the State of New Jersey, to command you to apprehend and forthwith bring the said Maurice F. Baker before the said recorder's court of the city of East Orange, that he may be dealt with according to law." The warrant is tested in the name of the recorder, but is signed by James I. Rush, clerk of the recorder's court.

The statute declares that the magistrate shall issue a warrant returnable forthwith. Where the arrest is made without warrant, the statute clearly contemplates that the complaint shall be made before the magistrate, for otherwise there would seem to be no purpose to the statutory declaration that the person so offending shall be detained in the office of the magistrate until the officer making such arrest shall make oath or affirmation, which he shall do forthwith. The release of the defendant on bail by the clerk, the setting of a day of hearing by him to take place before the magistrate, the taking of the complaint by the clerk, were clearly unauthorized acts. It is also clear that obedience to the statute regarding the making of the complaint, the time of the issuance of the warrant, in cases where the arrest is made without warrant, are essential

statutory requisites in order to confer jurisdiction upon the magistrate. In this regard the reasoning of Judge Caffrey, in his opinion in the present case, meets with our approval.

The views herein expressed leads to the conclusion that the action of the Court of Common Pleas in dismissing the complaint and proceedings was proper.

Judgment is affirmed.