FREDERICK C. WELLER, PLAINTIFF-RESPONDENT, v. ROBERT KELLY, DEFENDANT-PROSECUTOR.

Submitted January 22, 1947—Decided October 3, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the prosecutor, *Remsen Cowenhoven* (*Michael Breitkopf,* of counsel).

For the defendant, no appearance.

The opinion of the court was delivered by

HEHER, J. There was judgment for possession in favor of one claiming the status of landlord in a summary dispossession proceeding instituted in the District Court against the tenant of a dwelling house under *R. S.* 2:32–265; and the tenant has sued out a writ of *certiorari,* and now asserts want of jurisdiction in the District Court for failure to establish

facts giving rise to the relation of landlord and tenant in the affidavit required by *R. S.* 2:32–266. The return to the writ reveals a special appearance by the defendant and a motion to dismiss the action upon the ground that the affidavit was deficient in this regard, and that thereupon the motion was denied and judgment entered for the plaintiff. There was no general appearance; and, so far as is revealed by the return, the defendant adduced no testimony and did not participate further in the proceeding. We think the point is well made.

It is fundamental in the statute that the summary possessory proceeding therein provided cannot be invoked unless the conventional relation of landlord and tenant subsists between the parties; and this jurisdictional factual prerequisite must be proved by the initiatory affidavit required by *section* 2:32–266, *supra*. *Fowler* v. *Roe*, 25 *N. J. L.* 549; *Shepherd* v. *Sliker*, 31 *Id.* 432; *Steffens* v. *Earl*, 40 *Id.* 128; *Wooley* v. *Lane*, 51 *Id.* 504; *Tompkins* v. *Staiger*, 52 *Id.* 350; *Watson* v. *Idler*, 54 *Id.* 467; *Lloyd* v. *Richman*, 57 *Id.* 385; *Roberts* v. *McPherson*, 62 *Id.* 165; *Gray* v. *Reynolds*, 67 *Id.* 169; *Binder* v. *Azzaro*, 74 *Id.* 328; *Alderton* v. *Fairbanks*, 87 *Id.* 132. This proceeding is in derogation of the common law; and in such cases strict compliance with the terms of the statute is a *sine qua non* to jurisdiction.

Here, the claimant's affidavit declares, *inter alia,* that he is "the owner" of the premises in question; that the premises "are occupied" by defendant "by virtue of a month to month tenancy entered into by" him "with the former owner at a monthly rental of $28 per month;" and that "On or about December 20th, 1945," he (the affiant) "purchased the said property for use and occupancy by" himself and his "immediate family." These allegations are insufficient to prove the assignment of the reversionary estate to the claimant and thus to constitute him the assignee of the landlord or lessor within the intendment of *section* 2:32–266, *supra,* empowering "A landlord or lessor, his legal representatives, agents or assigns," to make oath in writing to the facts warranting possessory proceedings under *section* 2:32–265, *supra*.

Attornment of the tenant is no longer necessary in the case of a conveyance of the landlord's reversionary interest in the demised lands. *R. S.* 46:3–8. This provision creates a privity of estate between the tenant and the assignee. *Watson* v. *Idler, supra.* See, also, *R. S.* 46:8–2. But it is essential that there be in the jurisdictional affidavit allegations of fact establishing the conveyance or attornment by the tenant; mere conclusions of law do not suffice. *Fowler* v. *Roe, supra.* The jurisdictional facts must themselves be stated, not the bare conclusions drawn from the facts by the affiant. The statutory jurisdiction is not invoked unless the affidavit discloses a state of facts warranting the eviction of the tenant.

The "purchase" of lands does not necessarily comprehend the assignment of the lessor's reversionary estate, and thus entitle the "purchaser" to the remedies provided by *section* 2:32–265, *supra.* True, the word "purchase" in its technical legal usage signifies any mode of acquiring real property other than by the common course of inheritance. Title by purchase is acquired by act or agreement of the parties or by any means other than descent. But this is not the only use of the term. Obviously, the vendee under an unexecuted binding contract for the sale of land, without more, would not be an assignee of the reversionary estate within the intendment of *section* 2:32–266, *supra,* and thereby vested with the statutory power to institute a possessory action under *section* 2:32–265, *supra.* And yet he has "purchased" the lands in the common acceptation of the term. The word "purchase" and its correlative term "sale" in a contract do not necessarily import an executed or consummated purchase or sale, but are frequently used in the sense of an agreement to buy or sell. *Universal Sales Corp.* v. *California Press Manufacturing Co.,* 20 *Cal.* (2d) 751; 128 *Pac. Rep.* (2d) 665. When used with reference to land, the word "purchased" may mean "a completed transaction, * * * or it may mean a transaction still incomplete." *State* v. *Ware,* 71 *N. J. L.* 53. What was said by the affiant in the case at hand is not the equivalent of a declaration that he had acquired title to the lands by purchase; but, even though it were, it would be but a conclusion from undisclosed facts, and the

affidavit would be deficient for failure to set forth the facts from which the conclusion was drawn. It was incumbent upon the claimant to establish the conveyance of the lands by appropriate allegations of fact in the affidavit; and, having failed in this regard, the affidavit does not reveal the claimant's right to make oath as the lessor's assignee. Compare *Binder* v. *Azzaro, supra; Lloyd* v. *Richman, supra; Watson* v. *Idler, supra.*

In this view, we have no occasion to determine whether there is a sufficient factual particularization in the affidavit of the making of the basic contract of letting and the terms and provisions thereof and the event upon which it was to terminate. *Vide Fowler* v. *Roe, supra; Shepherd* v. *Sliker, supra.*

The judgment is reversed.