[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 232 
This case is before us on writ of certiorari allowed by the former Supreme Court to review a judgment for possession in landlord and tenant proceedings in the District Court of the Second Judicial District of Bergen County.
The defendant, on June 17, 1948, before the return day of the summons, filed a "special appearance" objecting to the jurisdiction of the court on two grounds: (1) that service was made upon an employee of the defendant corporation who is not an agent or officer of the corporation, and it is thereby invalid and not legal service upon the corporation; and (2) the affidavit as filed is defective in that it is based on hearsay, does not allege sufficient facts, and merely states legal conclusions. The motion to dismiss was denied June 21, 1948, and trial date set for June 24, 1948. The defendant's attorney appeared at the trial but took no part in the proceedings. Judgment for possession followed.
The "special appearance" of the defendant coupled, in the alternative, an attack on the jurisdiction of the court over the person, with an attack which amounted to a motion to strike out the affidavit. The latter attack, if successful, would terminate the whole proceeding. While a special appearance may be made to attack the jurisdiction of the court over the person, the joining therewith of the attack upon the affidavit made the appearance a general appearance, the effect of which is to waive all objections to the jurisdiction of the court over the person.Terminal Co. v. Stoicos, 24 N.J. Misc. *Page 233 
127 (Cer. Ct. 1946). But note changes effected in proceedings after September 15, 1948, by Rules 3:12-2 and 4:2-2(c).
It is argued that the allegations of the affidavit are insufficient to prove the assignment of the reversionary estate to the claimant, citing Weller v. Kelly, 136 N.J.L. 282(Sup.Ct. 1947), in which the affidavit was held to be defective. In that case, it merely alleged that "on or about December 20, 1945," he "purchased the said property for use and occupancy by" himself and his "immediate family" and this was held insufficient because the affidavit was not made as lessor but as an assignee of the lessor, and no fact was alleged to show the assignment of the reversionary interest. Here, it alleges "on March 31, 1948, said Laurine B. Alexander (unmarried), the former owner of said premises, did, by deed of that date, convey the said lands and premises unto deponents, the present owners of the said lands and premises, which deed is recorded in Liber 2854 of Deeds for Bergen County, on pages 639, etc., and thereupon deponents became the owners of the said premises and entitled to the reversion thereof", which not only meets the test of Wellerv. Kelly, above, but closely follows the language held sufficient in Lloyd v. Richman, 57 N.J.L. 385 (Sup.Ct.
1894).
Objection is made that the allegation of the monthly tenancy is but a mere conclusion and not based on any facts set forth in the affidavit. The allegation is "the said Federal Cleaners Dyers, Inc. continued in possession of said store, under said lease, until June 30, 1943, the expiration date of the said lease and upon the expiration of the same the said Laurine B. Alexander rented said premises unto said Federal Cleaners Dyers, Inc. from month to month, from the First day of July 1943 for the monthly rental of $50.00, due and payable on the First day of each and every month in advance * * * that thereafter the said Federal Cleaners Dyers, Inc. did pay the said monthly rental of $50.00 unto deponents for the month of April 1948 * * *." This allegation closely follows the allegation of tenancy approved inSteffens v. Earl, 40 N.J.L. 128 (Sup.Ct. 1878) and is sufficient. *Page 234 
Mr. Justice Garrison's remarks in Lloyd v. Richman, above, are also appropriate in this case:
"We are asked to reject the plain sense of these averments, upon the ground that they are, in form, conclusions of law. Such a course would, in my opinion, be to require of unskilled suitors in these inferior courts a finesse in the use of language as much at variance with the nature of the proceedings as it would be with the character and purposes of these tribunals. No rational cause can be assigned for the rejection of words and terms universally used and correctly understood in common speech, merely because they happen to be also correct in a technical sense."
The judgment under review is affirmed.