259 N.J. Super. 130 (1992)
611 A.2d 677
STATE OF NEW JERSEY, PLAINTIFF,
v.
JERSEY CARTING, INC., DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Middlesex County.
Decided July 13, 1992.
*131 Thomas Barlow, for the State.
Thaddeus C. Raczkowski, for defendant.
*132 BERMAN, J.S.C.
This matter comes before the court on appeal from an East Brunswick Municipal Court conviction of N.J.S.A. 39:3-44. The lower court found the defendant guilty of the aforesaid statute by driving a vehicle with two defective ball joints; and imposed a fine of $15.00, court costs of $15.00 and a $1.00 automated traffic system charge.
While the punitive costs assessed may not elevate this cause to jurisprudential summitry, the issue  not previously addressed  is of inestimable significance, particularly in a municipality which is criss-crossed by the New Jersey Turnpike, State Highway 18, and a number of lesser though heavily travelled arteries. May a local police officer, lacking specific statutory authority or probable cause, issue a ticket after stopping and conducting a full-scale inspection of defendant's commercial vehicle? This court today holds that a local police officer (acting without belief that Title 39 has been violated) does not have the authority to conduct random inspections on commercial vehicles, absent a special appointment by the Director of Motor Vehicles.
There is no direct statutory authority in Title 39 for municipal police officers to conduct random inspections. Title 39 is a comprehensive legislative scheme to regulate motor vehicle traffic and clearly delineates the duties and powers of different officers, be they State, county, local, or from the State Department of Environmental Protection. This court cannot enlarge or restrict any officer's sphere of authority.
Pursuant to N.J.S.A. 39:5B-23, direct inspection authority is given to State Police officers or representatives of the State Department of Environmental Protection for purposes of determining radiation. Chapter 5B does not grant this power to local officers. State Police officers are also authorized to conduct weight measurements of commercial vehicles. N.J.S.A. 39:3-84.3. Section 3-84.3 specifically mentions State *133 Police and does not grant this duty to any other law enforcement officer.
In Chapter 8 of Title 39, the statute sets up a comprehensive inspection routine for motor vehicles. Inspections will take place either by "designated examiners or at official inspection stations to be designated by the director or at licensed inspection centers". N.J.S.A. 39:8-1. All examiners are appointed by the Director pursuant to N.J.S.A. 39:8-2. Only those appointed by the Director are authorized to conduct random roadside examinations, which are implemented through roadside teams under supervision of the Director. Id.
Local police officers are vested with enforcement authority under the statute. N.J.S.A. 39:8-9 and N.J.S.A. 39:5-25. N.J.S.A. 39:8-9 states, "[t]he enforcement of this chapter shall be vested in the director and the police or peace officers of any municipality, any county of the State." This section of the statute clearly gives local officers the responsibility to enforce the inspection requirements of motor vehicles. This section is limited to enforcement and not the discovery of actual inspection of infractions.
N.J.S.A. 39:5-25 allows, "any constable, sheriff's officer, police officer, peace officer, or the director, ... without a warrant, [to] arrest any person violating in his presence any provision of chapter 3 of this Title". (emphasis supplied). This section precisely presents a list of officers which may enforce Chapter 3 and mandates that the infraction take place before the officer.
The only time a police officer may stop a vehicle without probable cause or without directly witnessing an infraction of chapter 3 is pursuant to N.J.S.A. 39:8-6. This section allows a police officer, during a period designated by the Director, to stop a vehicle and request the owner to display a certificate of approval. Id. This intrusion to the vehicle operator is brief and limited.
*134 Officer Richard DeSimone, though concededly acting in good faith, was not acting pursuant to Title 39. As a local officer, he was not stopping defendant to request to see a certificate of approval nor was he stopping the defendant at a designated inspection roadblock under the Director's supervision. Although Officer DeSimone has had extensive training by the Department of Transportation, he admitted that he was acting without a specific appointment and without the proper authority.
This court must take care to strictly interpret Title 39 and not broadly construe the statute to allow municipal police officers to randomly stop and inspect commercial vehicles in derogation of statutory procedures. Title 39 clearly lists who has inspection powers and who has enforcement powers. This statutory construction should be read in light of the "expressio unius" doctrine. Under this doctrine, the mention of one thing implies the exclusion of another. Squires v. Atlantic Cty. Freeholder Bd., 200 N.J. Super. 496, 503, 491 A.2d 823 (1985). Thus, if specific provisions in Title 39 grant inspection authority to State police officers and/or State environmental officers, then the Legislature clearly intended to exclude all other types of law enforcement officers from having that power.
Additionally, an ambiguity in the Motor Vehicle Act must be read in favor of the defendant because personal interests are at stake. In State v. Baker, 3 N.J. Misc. 532, 128 A. 888 (1925) the New Jersey Supreme Court had to interpret sections of the Motor Vehicle Act on a municipal appeal. The Court held:
Bearing in mind that the statutory provisions are in derogation of the common law, and that they closely affect the liberty and property of the individual, and are highly penal in character, a strict construction must be given to them. The law frowns upon any attempt to enlarge the scope of the statute or to loosen a strict adherence to the statutory procedure prescribed. Id. at 535, 128 A. 888.
Thus, this court must limit municipal police officer's authority to enforcement of the statute. Any inspection power must specifically be given by the Director and within carefully mandated *135 boundaries and guidelines, which will ensure that individual liberties are not violated.
This court also finds that Officer DeSimone was not acting pursuant to N.J.S.A. 39:5-25 because Jersey Carting was not violating Title 39 in the officer's presence. Officer DeSimone was directly questioned, "did the  the vehicle didn't do anything  ..." Officer DeSimone's answer was unequivocally "nope". Thus, the initial stop was in contravention of N.J.S.A. 39:5-25. See New Jersey v. Macuk, 57 N.J. 1, 268 A.2d 1 (1970).
Moreover, the initial stop was unjustifiable because there was no probable cause to stop the defendant. A stop violates the Fourth Amendment when it is not conducted in accordance with carefully established standards or when there is no probable cause. In this case, the defendant was stopped without probable cause and for the sole purpose of conducting a random and unauthorized inspection. This stop constituted a seizure within the Fourth and Fourteenth Amendment, even if couched within the understandable pretense of maintaining road safety. See United States v. Martinez-Fuerte, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976).
Concluding, the defendant should be and continues to be subject to all regulations to which there are adequate safeguards to ensure the least possible invasion of privacy. As Justice White stated in Delaware v. Prouse, 440 U.S. 648, 662, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660 (1979), "an individual operating or traveling in an automobile does not lose all reasonable expectation of privacy simply because the automobile and its use are subject to government regulation". Thus, this court finds that the initial stop was unwarranted because it was without probable cause, and the defendant was not committing an infraction which would allow a stop under N.J.S.A. 39:5-25.
Since the lower court requested guidance in his oral opinion, this court attempts to afford the parameters of permissible inspections. Local police officers, absent cause, may only stop and inspect automobiles or commercial vehicles if they *136 have been properly authorized or if they are conducting a regulated and supervised inspection. Furthermore, a local officer may issue a ticket after a State Police officer (consistent with authority) inspects a vehicle and finds a statutory violation.[1] This court solely seeks to safeguard the proper balance of maintaining road safety and protecting individual liberties.
Based on the facts presented to this court in this record, the municipal conviction reviewed de novo must be and is vacated; and a judgment of not guilty is entered. Defense counsel shall submit an appropriate form of judgment.
NOTES
[1] This court does not intend to suggest that there are no other conceivable methods available; but that would undoubtedly be the subject of other debate.