882 A.2d 456

RORY M. COHEN AND DEBORAH M. COHEN, PLAINTIFFS, v. W.B. ASSOCIATES, INC., TED KANTOR, HARRY KANTOR, JOHN DOES 1–10 (FICTITIOUS NAMES), AND XYZ CORPORATIONS 1–100 (FICTITIOUS NAMES), DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided March 23, 2005.

*John J. McDermott, III*, for plaintiffs (*Maggs & McDermott*, attorneys).

*Sam Maybruch*, for defendants W.B. Associates, Inc., Ted Kantor and Harry Kantor (*Maybruch & Zapcic*, attorneys).

PERRI, J.S.C.

Plaintiffs Rory M. Cohen and Deborah M. Cohen seek damages from the defendant real estate developer and its agents for knowing and intentional misrepresentations they allegedly made regarding the ownership and use of property across the street from the subdivision where plaintiffs' new home was to be built. The defendants assert that their compliance with the New Residential Construction Off–Site Conditions Disclosure Act ("the Disclosure Act"), *N.J.S.A.* 46:3C–1 to 46:3C–12, insulates them from liability for plaintiffs' claims.

Defendant W.B. Associates, Inc., ("WBA") was the developer of Winding Brook at Marlboro ("Winding Brook"), a residential subdivision located off Igoe Road in Marlboro Township, Monmouth County. Defendant Harry Kantor was the President of WBA, and defendant Ted Kantor was WBA's sales agent. In or about February 24, 2001, plaintiffs contracted with WBA for the purchase of a lot and construction of a new home in Winding Brook. The contract price was $669,000.00, and plaintiffs paid the required deposit of $66,990.00.

Paragraph 29 of the contract provided the following, which mirrors the language required by *N.J.S.A.* 46:3C–2:

Pursuant to the 'New Residential Construction Off–Site Conditions Disclosure Act' P.L.1995, c. 253(C.) sellers of newly constructed residential real estate are required to notify purchasers of the availability of lists disclosing the existence and location of off-site conditions which may affect the value of the residential real estate being sold. The lists are to be made available by the municipal clerk of the municipality within which the residential real estate is located and in other municipalities which are within one-half mile of the residential real estate. The addresses and telephone number(s) of the municipalities relevant to this project and the appropriate municipal offices where the lists are made available are listed below. Purchasers are encouraged to exercise all due diligence in order to obtain any additional or more recent information that they believe may be relevant to their decision to purchase the residential real estate. Purchasers are also encouraged to undertake an independent examination of the general area within which the residential real estate is located in order to become familiar with any and all conditions which may affect the value of the residential real estate.

The purchaser has five (5) business days from the date the contract is executed by the purchaser and the seller to send notice of cancellation of the contract to the seller. The notice of cancellation shall be sent by certified mail. The cancellation

will be effective upon the notice of cancellation being mailed. If the purchaser does not send a notice of cancellation to the seller in the time or manner described above, the purchaser will lose the right to cancel the contract as provided in this notice.

A. Municipality     Marlboro Township
    Address     979 Township Road,
                      Marlboro, NJ 07746
    Telephone No.     732-536-0200

B. Municipality     Holmdel Township
    Address     4 Crawfords Corner-Everett Rd,
                      Holmdel, NJ 07733
    Telephone No.     732-946-8997

The paragraph then continued with the following:

The list of off-site conditions available from Marlboro Township includes a reference to some property that is located across Igoe Road, to the south and southwest of the Winding Brook Project which is owned by the State of New Jersey, Department of Human Services. Portions of this property were formally used as, or are currently used as, the Marlboro Psychiatric Center, Campo De Marlboro, New Hope and Discovery. Purchasers who desire more information about this particular property should contact Marlboro Township at the above number.

The plaintiffs claim that they were misled by the seller's representations, both verbal and in the added paragraph, and did not find out until approximately two months later that the property WBA described as "Campo de Marlboro" was in fact a minimum security prison operated by the New Jersey Department of Corrections. When the plaintiffs attempted to cancel the contract, WBA refused to return their deposit.

The defendants previously moved for summary judgment on the basis that the contract contained the required statutory notice and their compliance extinguished plaintiffs' claims of common law fraud, misrepresentation, negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the Consumer Fraud Act. Plaintiffs argued in opposition that once the defendants deviated from the statutorily mandated language of the Disclosure Act, and made affirmative misrepresentations, they lost the immunity that might be otherwise available to them. The court found that the deviation in and of itself did not result in a loss of immunity but that the trier of fact would have to

resolve the issue of whether the deviation had the capacity to mislead. On May 13, 2004, the court entered an order dismissing count seven of plaintiff's complaint (breach of the implied warranty of habitability) and denied the balance of defendants' motion.[1]

Counsel for the parties appeared before the court on March 10, 2005, for argument of various motions *in limine.* At that time, the court had the opportunity to review the transcript of its prior decision and to consider more fully its previous ruling. With the benefit of further reflection, the court finds that it should reconsider its decision *sua sponte* regarding the ability of the defendants to raise the Disclosure Act as a defense in this matter.

In New Jersey, the Disclosure Act defines a seller's responsibility to disclose those conditions that may materially affect the value of the residential real estate, but which are not part of the project. The seller's duty is fully met if it provides the purchaser with notice as prescribed by the Act. *N.J.S.A.* 46:3C–10(b). If a seller complies, "[t]he furnishing of the notice shall be available to the seller as a defense to any claim that the seller failed to disclose any [off-site] conditions" whether or not they are part of the project. *N.J.S.A.* 46:3C–10(a) and (b).

In *Nobrega v. Edison Glen Associates,* 167 *N.J.* 520, 534, 772 *A.*2d 368 (2001), the New Jersey Supreme Court determined that, in addition to extinguishing all common law claims, compliance with the Disclosure Act also barred claims for damages under the New Jersey Consumer Fraud Act. In so ruling, the Court gleaned the Legislature's intent to be

> ... that the professionals who engage in the business of selling newly-constructed residential real estate can facilitate prudent decision-making with respect to the purchase of residences by advising purchasers of the *availability of information* concerning factors which can reasonably be determined to exist and which may affect the value of the residence; that the due diligence responsibilities of purchasers and the disclosure duties of sellers of residential real estate are mutually interdependent and, therefore, *ambiguity in the definition and assignment of the*

---

[1] Plaintiffs' cross motion for summary judgment on the issue of liability was also denied and is not material to the issues addressed herein.

*sellers' disclosure duties may inadvertently diminish the due diligence efforts of purchasers,* or unnecessarily increase the costs of residential real estate transactions.
[*Id.* at 529, 772 *A.*2d 368 (emphasis supplied).]

It is a well-established principle of law that in a proceeding in derogation of the common law, "strict compliance with the terms of the statute is a *sine quo non* to jurisdiction." *Weller v. Kelly,* 136 *N.J.L.* 281, 282, 55 *A.*2d 55 (N.J.Sup.1947). Because statutory provisions in derogation of the common law "affect the liberty and property of the individual, and are highly penal in character, a strict construction must be given to them." *State v. Jersey Carting, Inc.,* 259 *N.J.Super.* 130, 134, 611 *A.*2d 677 (Law Div.1992). "The law frowns upon any attempt to enlarge the scope of the statute or to loosen a strict adherence to the statutory procedure prescribed." *Ibid.* This is particularly true in the case of a statute that grants immunity. "[I]mmunity from tort liability is not favored in the law since it bars the injured person from the recovery of compensatory damages against the party who is otherwise responsible for the injury. For that reason, [immunity] statutes ... must be strictly construed and not extended beyond their plain meaning." *Buono v. Scalia,* 179 *N.J.* 131, 149, 843 *A.*2d 1120 (2004) (quotation omitted).

In implementing the Disclosure Act, the Legislature chose specific language it deemed sufficient to alert a prospective home buyer to both the need for individual due diligence and the location where independent information regarding off-site conditions could be obtained. This court finds that any deviation from the statutory language, even if factually accurate, has the capacity to dilute or obscure the Legislature's clear mandate by its inherent ability to suggest to the buyer that further investigation is neither necessary nor warranted. Where, as here, the accuracy of the supplemental language and the seller's motivation for its inclusion is called into question, the risk is even more apparent.

More importantly, *permitting sellers to expand at will upon the statutory language would undermine the very purpose of the Disclosure Act,* which is to eliminate any ambiguity in the seller's

obligation and to insure that buyers are unequivocally aware of their obligation of due diligence. Accordingly, any elaboration beyond the strict language of the Disclosure Act, regardless of its content or motivation, renders the Act inapplicable and the immunity unavailable to the seller.

This holding is consistent with the Appellate Division's recent reaffirmation of the need to protect the integrity of the Disclosure Act. In *New Jersey Ass'n of Realtors v. New Jersey Dept. of Environmental Protection*, 367 *N.J.Super.* 154, 159, 842 *A.*2d 262 (App.Div.2004), the court ruled that "[b]y its express terms, the Disclosure Act contemplates that municipal clerks shall be the only ones charged with the duty of keeping a record of off-site conditions within their municipality and environs. A real estate broker or salesperson's only duty is to advise a purchaser of newly constructed real estate of the existence of the municipal list."

Based upon the foregoing, the court finds that the defendants are barred from raising the Disclosure Act as a defense in this matter, and plaintiffs are entitled to pursue all common law and statutory claims set forth in their Complaint.