842 A.2d 262

NEW JERSEY ASSOCIATION OF REALTORS®, APPELLANT,
v. NEW JERSEY DEPARTMENT OF ENVIRONMENTAL
PROTECTION, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 10, 2004—Decided February 25, 2004.

Before Judges A.A. RODRÍGUEZ, LEFELT and PAYNE.

*Barry S. Goodman* argued the cause for appellant (*Greenbaum, Rowe, Smith, Ravin, Davis & Himmel,* attorneys; *Mr. Goodman,* of counsel and on the brief; *Kellie A. Lavery,* on the reply brief).

*John F. Dickinson Jr.,* Deputy Attorney General, argued the cause for respondent (*Peter C. Harvey,* Attorney General, attorney; *Patrick DeAlmeida,* Deputy Attorney General, of counsel; *Mr. Dickinson,* on the brief).

The opinion of the court was delivered by

RODRÍGUEZ, A. A., J.A.D.

Pursuant to *R.* 2:2–3(a)(2), the New Jersey Association of Realtors® (NJAR)[1], challenges the validity of *N.J.A.C.* 7:26E–8.2(g)(5), a regulation adopted by the Department of Environmental Protection (DEP) effective February 3, 2003.[2] We conclude that *N.J.A.C.* 7:26E–8.2(g)(5) is void *ab initio* because it is in conflict with the New Residential Construction Off–Site Conditions Disclosure Act, set out at *N.J.S.A.* 46:3C–1 to –12 (Disclosure Act).

The operative facts are undisputed. The DEP adopted a series of regulations called the Technical Requirements for Site Remediation (Tech Rules). The Tech Rules establish the minor technical requirements to investigate and remediate environmentally contaminated sites. *N.J.A.C.* 7:26E–1.1. The Tech Rules were implemented by the DEP to effectuate several legislative enactments.[3] A person responsible for conducting site remediation must record with the County Register a Declaration of Environmental Restric-

---

[1] According to NJAR's brief, "[t]he term REALTORS® is a registered name that cannot be used by any real estate licensee or other person who is not a member of NJAR or some other REALTOR® association."

[2] 35 *N.J.R.* 710(a).

[3] These include, but are not limited to, the following: Solid Waste Management Act, *N.J.S.A.* 13:1E–1 to –48; Industrial Site Recovery Act, *N.J.S.A.* 13:1K–6 to –18; Spill Compensation and Control Act, *N.J.S.A.* 58:10–23.11 to –23.11f7; and Water Pollution Control Act, *N.J.S.A.* 58:10A–1 to –46.

tion, commonly known as a "deed notice," in order to provide notice of any conditions or restrictions on real property due to site contamination. *N.J.A.C.* 7:26E–8.2(a). The Deed Notice Rule, codified at *N.J.A.C.* 7:26E–8.2(g), requires that the person responsible for conducting any remediation send copies of the recorded deed notice to certain entities. In 2003, the Deed Notice Rule was amended so that additional entities would receive deed notices. According to the DEP,

> [Its] objective in identifying this broader distribution of copies of deed notices concerning contaminated properties is to inform a larger segment of society that residual contamination exists on these properties and that a closer look may be necessary prior to certain actions and decisions.

The subsection of the Tech Rules challenged in this appeal, 8.2(g)(5), requires that the "New Jersey Realtors Association" be one of the entities that must be notified. *N.J.A.C.* 7:26E–8.2(g)(5). There is no "New Jersey Realtors Association." However, the DEP concedes that the regulation was intended to apply to NJAR. Regarding the inclusion of the "New Jersey Realtors Association" in the Deed Notice Rule, the DEP's position is that:

> The [DEP] included the New Jersey Realtors Association as one of the groups to receive copies of deed notices because, under New Jersey law, realtors have a legal obligation to inform prospective purchasers of the presence of certain properties that may pose risk to human health and safety. See [Disclosure Act], *N.J.S.A.* 46:3C–1 *et seq.*

Before the adoption of the 2003 Tech Rules Amendment, in May 2000, the DEP sent a "Notice of Opportunity for Interested Party Comments on Technical Requirements for Site Remediation." 32 *N.J.R.* 1694(a). In January 2002, the DEP published a Rule Proposal setting forth the DEP's intent to readopt with amendments the Tech Rules. 34 *N.J.R.* 170(a). During the rulemaking and re-adoption process, the DEP gave public notice in the *New Jersey Register,* State House Press Room, on the agency website and in the *Trenton Times* and the *Asbury Park Press.* Over 600 public comments were received on the rule proposal in general. A public hearing was held at which twelve persons testified and fifty-eight persons made comments.

Nonetheless, it is undisputed that NJAR did not receive an individual notice. NJAR did not participate in the hearings, nor did NJAR submit written comments. At oral argument, NJAR's counsel indicated that the organization was unaware of the amendment until it received a copy of a deed notice. Indeed, up to the present at least eleven deed notices have been sent to NJAR in compliance with *N.J.A.C.* 7:26E–8.2(g)(5).

NJAR filed a complaint for declaratory judgment and an order to show cause against the DEP in the Law Division. The DEP opposed the application arguing that the Appellate Division had exclusive jurisdiction pursuant to *R.* 2:2–3(a)(2). The parties agreed that the Law Division action would be dismissed without prejudice and the matter would proceed in the Appellate Division. Since the filing of this action, the DEP has decided to repeal *N.J.A.C.* 7:26E–8.2(g)(5) because it has determined that the regulation is "imperfect, and that it, perhaps, has unintended impacts."

On this direct appeal, NJAR contends that *N.J.A.C.* 7:26E–8.2(g)(5) is void because it contravenes the Disclosure Act in two ways. First, the regulation imposes a duty on NJAR and its members to provide purchasers with notice of off-site conditions disclosed in deed notices received by NJAR. Second, it imposes a duty to compile lists of off-site conditions in order to provide such notice. The effect of the regulation is to impose a duty on NJAR members and other real estate licensees that is contrary to the Disclosure Act. We agree.

The Disclosure Act requires a seller or builder engaged in the sale of newly constructed residential real estate to provide a purchaser with notice of the *availability of lists of off-site conditions maintained by municipal clerks,* including the municipality within which the real estate is located, as well as municipalities within one-half mile of the real estate. *N.J.S.A.* 46:3C–8. "Off-site conditions" are defined, in part, as "those conditions which may materially affect the value of the residential real estate property." *N.J.S.A.* 46:3C–3. The term "seller" as used in the Disclosure Act includes real estate brokers, real estate salesper-

sons and real estate broker-salespersons. *Id.* A seller who provides said notice of the existence of the lists is:

deemed to have disclosed fully the off-site conditions relating to the residential real estate and shall be deemed to have satisfied fully the seller's disclosure duties pursuant to New Jersey law. . .

[*N.J.S.A.* 46:3C–10a.]

No seller "shall be required to compile or to contribute to the compilation of, in whole or in part, the lists of off-site conditions required to be made available by municipal clerks pursuant to [the Disclosure Act]." *N.J.S.A.* 46:3C–11.

The Disclosure Act sets forth its purpose as follows:

The Legislature finds and declares that . . . the professionals who engage in the business of selling newly-constructed residential real estate can facilitate prudent decision-making with respect to the purchase of residences by advising purchasers of the availability of information concerning factors which can reasonably be determined to exist and which may affect the value of the residence; . . .

The Legislature therefore determines that it is in the public interest to define the entirety of the disclosure duties of the sellers of newly-constructed residential real estate and to create a public repository of relevant off-site conditions which may be accessed by purchasers of such real estate.

[*N.J.S.A.* 46:3c–2.]

The regulation under review, subsection –8.2(g)(5), appears to impose a duty on NJAR and its members to compile a deed notice register as an additional repository to provide notice of off-site conditions to purchasers. It also appears to require NJAR to forward deed notices to purchasers of newly constructed real estate. However, the Disclosure Act imposes no such burden on real estate licensees.

By its express terms, the Disclosure Act contemplates that municipal clerks shall be the only ones charged with the duty of keeping a record of off-site conditions within their municipality and environs. A real estate broker or salesperson's only duty is to advise a purchaser of newly constructed real estate of the existence of the municipal list. Thus, the regulation is in conflict with the Disclosure Act.

It is well-settled that "[a]dministrative regulations cannot alter the terms of a legislative enactment nor can they

frustrate the policy embodied in [a] statute." *In the Matter of Freshwater Wetlands Prot. Act Rules, N.J.A.C. 7:7A–1.1 et seq.,* 238 *N.J.Super.* 516, 526, 570 *A.*2d 435 (App.Div.1989) (citation omitted). Because regulations must coexist with state statutes, when a statute deals with a specific issue or matter, the statute is "the controlling authority as to the proper disposition of that issue or matter." *Terry v. Harris,* 175 *N.J.Super.* 482, 496, 420 *A.*2d 353 (Law Div.1980). Although judicial review of administrative actions is limited, courts will intervene when "an agency action is clearly inconsistent with its statutory mission or other state policy." *In the Matter of Irene Musick,* 143 *N.J.* 206, 216, 670 *A.*2d 11 (1996). Here, we conclude that subsection 8.2(g)(5) is void *ab initio* because it contravenes the Disclosure Act.

In light of our conclusion that *N.J.A.C.* 7:26E–8.2(g)(5) is void *ab initio,* we need not reach NJAR's other arguments: (1) that the regulation is void because NJAR was not notified of the DEP's intention to promulgate the regulation contrary to the Administrative Procedures Act, specifically *N.J.S.A.* 52:14B–4; (2) the regulation violates the right of REALTORS® to equal protection; (3) the regulation is void for vagueness; and (4) the regulation is void because it is not reasonably related to the DEP's stated purpose.

Accordingly, we hold that *N.J.A.C.* 7:26E–8.2(g)(5)is void *ab initio.* NJAR may return all deed notices that it has received or will receive to their respective senders. NJAR has no further obligations with respect to such deed notices.