**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4501-17T2

DR. ELIZABETH A. NASTUS,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES, TEACHERS'
PENSION AND ANNUITY FUND,

     Respondent-Respondent.

_____

Argued July 8, 2019 – Decided July 12, 2019

Before Judges Yannotti and Haas.

On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Agency Docket No. 1-10-150545.

Beth Lynn Finkelstein argued the cause for appellant.

Jeffrey D. Padgett, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Jeffrey D. Padgett, on the brief).

PER CURIAM

Petitioner Dr. Elizabeth Nastus appeals from the final administrative decision of the Board of Trustees of the Teachers' Pension and Annuity Fund (Board) determining that she was not entitled to pension credit for all of the annual salary and cumulative, merit-based salary increases she earned during the years she was employed by her district as a superintendent under a sharing-agreement with neighboring districts. We reverse.

The material facts are not in dispute. In 2002, the Clinton Township Board of Education (Clinton) appointed petitioner as its superintendent. At some point during her tenure, Clinton entered into a superintendent-sharing arrangement with the Lebanon Borough Board of Education (Lebanon). Under this arrangement, Clinton agreed to have petitioner provide superintendent services to Lebanon as part of a series of "government consolidation and shared services" initiatives developed by the New Jersey Legislature. See N.J. Ass'n of Sch. Bus. Officials v. Davy, 409 N.J. Super. 467, 472-73 (App. Div. 2009); see also N.J.S.A. 18A:17-24.1 (permitting the boards of education of two or more school districts to share the same superintendent). In June 2007, Clinton and petitioner entered into an amended employment contract that stated she would be paid an additional $17,236 in annual salary for performing these shared duties during the 2007-2008 school year.

In July 2008, petitioner left Clinton and became the superintendent for the Delaware Regional High School District (Delaware Valley). In 2010, Delaware Valley agreed to provide shared-superintendent services to the nearby Frenchtown School District (Frenchtown). Pursuant to an amended employment contract, Delaware Valley agreed to pay petitioner $10,000 each year for performing these shared duties as part of her annual salary.

Petitioner's Delaware Valley contract also provided that she would earn a 3% automatic salary increase, plus a possible 2% merit-based salary increase each year. Delaware Valley granted the merit-based salary increase to petitioner for the years at issue in this appeal. The annual merit-based increases were added onto petitioner's annual salary, including her salary for performing shared-superintendent services, and all her other raises. In other words, the merit-based salary increases were "cumulative and permanent increase[s] in salary [and were] unlike a one-time bonus payment."

Petitioner retired in July 2013 after twenty-eight years of combined service as a teacher and superintendent. The Board initially gave petitioner pension credit for all of the compensation she earned while employed by Clinton and Delaware Valley, including the salary she was paid for performing shared-

superintendent services, and the merit-based salary increases she received from Delaware Valley.

The Board's determination was based upon the governing statute on creditable pension compensation, N.J.S.A. 18A:66-2(d)(1). In pertinent part, that statute defines "compensation" as

> the contractual salary, for services as a teacher[1] as defined in this article, which is in accordance with established salary policies of the member's employer for all employees in the same position but shall not include individual salary adjustments which are granted primarily in anticipation of the member's retirement or additional remuneration for performing temporary or extracurricular duties beyond the regular school day or the regular school year.

Based upon N.J.S.A. 18A:66-2(d)(1), the Board determined that petitioner was entitled to a monthly pension benefit of $6935.53, which was calculated on the basis of her three highest salary years: $190,815.96 in 2007-2008; $203,104.95 in 2010-2011; and $206,062.90 in 2011-2012.

About a year later, however, the Board changed its mind and ruled that the compensation petitioner "received as a result of both the Clinton . . . and the Delaware Valley . . . Shared Services agreements [was] a form of 'Extra

---

[1] A superintendent like petitioner is included within the definition of "teacher." N.J.S.A. 18A:66-2(p).

Compensation' [that was] not eligible as creditable compensation for pension . . . purposes." In altering its position, the Board relied on a regulation it had promulgated, N.J.A.C. 17:3-4.1, which narrowed the statutory definition of "compensation" used in N.J.S.A. 18A:66-2(d)(1) to exclude what the Board deemed to be "extra compensation." As used in the Board's regulation, the term "extra compensation" included "[p]ay for extra work, duty or service beyond the normal work day, work year for the position, or normal duty assignment[,]" N.J.A.C. 17:3-4.1(a)(1)(ii); "bonuses[,]" N.J.A.C. 17:3-4.1(a)(1)(iii); and "[c]ompensation paid for additional services performed during a normal duty assignment, which are not included in base salary." N.J.A.C. 17:3-4.1(a)(1)(xix).

The Board ruled that the annual salary Clinton and Delaware Valley paid petitioner for performing shared-superintendent duties for Lebanon and Frenchtown, respectively, was not creditable compensation because the Board deemed these contractual services to be "extra work" not included in her "base salary." The Board also found that the 2% cumulative, merit-based salary increases petitioner annually earned at Delaware Valley were actually "bonuses" that also could not be included in the compensation used to calculate her pension. Thus, the Board also excluded these "bonuses," together with the

5

excess portion of the automatic 3% increases attributable to the share-services portion of her salary at Delaware Valley, from the pension calculation.

As a result of these exclusions, the Board recalculated petitioner's three highest salary years to be $180,250 for 2007-2008; $185,657.50 for 2010-2011; and $191,227.23 for 2011-2012. The Board also reduced petitioner's monthly pension benefit to $6440.23, which was $495.30 less than the Board originally granted her.

Petitioner appealed the Board's determination and the matter was transmitted to the Office of Administrative Law as a contested case. Petitioner moved for summary disposition. On February 2, 2018, the Administrative Law Judge (ALJ) issued her initial decision. After stating her factual findings and discussing the law, the ALJ recommended that petitioner receive pension credit for all of the compensation she earned for Clinton and Delaware Valley, including her salary for performing shared-superintendent services in both districts, and the merit-based salary increases she earned while working for Delaware Valley.

The Board filed exceptions to the initial decision and, on May 3, 2018, it rendered a final decision rejecting the ALJ's conclusions of law. Relying on the more narrow definition of "compensation" set forth in its regulation, N.J.A.C.

6

17:3-4.1, the Board determined that petitioner was not entitled to the pension credit for the salary she earned performing shared-superintendent duties or for her merit-based salary increases. This appeal followed.

On appeal, petitioner argues that the Board misapplied N.J.S.A. 18A:66-2(d)(1), the statute that governs the issue of whether additional compensation is subject to pension credit. In response, the Board contends that we should defer to its administrative expertise, and maintains that it correctly applied its implementing regulation, N.J.A.C. 17:3-4.1.

Our role in reviewing an administrative agency's final decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). Thus, we will only reverse the agency's action if it was "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." Ibid. (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

Here, the agency resolved the matter by summary decision pursuant to N.J.A.C. 1:1-12.5. "Because an agency's determination on summary decision is a legal determination, our review is de novo." L.A. v. Bd. of Educ. of City of Trenton, 221 N.J. 192, 204 (2015). In conducting this de novo review, we are "not bound by [the] agency's interpretation of a statute or its determination of a

strictly legal issue[.]" <u>Ardan v. Bd. of Review</u>, 444 N.J. Super. 576, 584 (App. Div. 2016) (second alteration in original) (quoting <u>Lavezzi v. State</u>, 219 N.J. 163, 172 (2014)). In addition, while we give deference to an agency's interpretation of its governing statutory scheme, <u>ibid.</u>, we are mindful of the well-settled rule that "[a]dministrative regulations cannot alter the terms of a legislative enactment nor can they frustrate the policy embodied in [a] statute." <u>N.J. Ass'n of Realtors v. N.J. Dep't of Envtl. Prot.</u>, 367 N.J. Super. 154, 159-60 (App. Div. 2004) (alterations in original) (quoting <u>In re Freshwater Wetlands Prot. Act Rules, N.J.A.C. 7:7A-1.1 et seq.</u>, 238 N.J. Super. 516, 526 (App. Div. 1989)).

Applying these principles, we are constrained to reverse the Board's determination that petitioner was not entitled to pension credit for the compensation she earned for her shared-superintendent duties and for her merit-based salary increases.

The starting point for our analysis is N.J.S.A. 18A:66-2(d)(1). As discussed above, that statute plainly provides that compensation is creditable for pension purposes if it is "contractual salary" paid by the employer "in accordance with [its] established salary policies." N.J.S.A. 18A:66-2(d)(1). However, creditable compensation does "not include individual salary

adjustments which are granted primarily in anticipation of the member's retirement or additional remuneration for performing temporary or extracurricular duties beyond the regular school day or the regular school year." Ibid.

Applying that statutory definition, it is clear that all of the compensation Clinton and Delaware Valley paid petitioner during the three years in question, including the monies she earned performing shared-superintendent duties and her merit-based annual salary increases, was creditable for pension purposes. Petitioner's contracts with Clinton and Delaware Valley specified the sums she would earn for performing these duties and, because these two districts' obligations to make these payments were specifically set forth in the contracts, the payments each district made to her were plainly made "in accordance with [the] established salary policies" of her employers. Ibid.

None of petitioner's shared-superintendent services were "temporary" or "extracurricular" in nature; indeed, they continued throughout the school years in question. Ibid. In addition, nothing in this record indicates that any of the payments, including the salary increases that petitioner earned based on merit under her Delaware Valley contract, were "granted primarily in anticipation of [her] retirement[.]" Ibid. Under these circumstances, all of this compensation

should have been included in the Board's calculation of petitioner's monthly pension benefit.

The Board based its contrary decision on N.J.A.C. 17:3-4.1(a), which purports to limit a member's compensation to his or her "base salary," which the Board determined only included the compensation petitioner earned for the superintendent duties she performed for Clinton and Delaware Valley, and not for the shared services these two employers required her to perform for Lebanon and Frenchtown. The Board also found that any additional monies petitioner received for discharging her responsibilities to the latter two districts was "extra pay for extra work" and, thus, outside the definition of creditable compensation under N.J.A.C. 17:3-4.1(a)(ii). Finally, the Board pointed to N.J.A.C. 17:3-4(a)(iii) to exclude the merit-based salary increases petitioner received from Delaware Valley from her pension benefit calculation.

The flaw in the Board's reasoning on this legal issue is obvious. Unlike N.J.A.C. 17:3-4.1(a), N.J.S.A. 18A:66-2(d)(1) does not limit the term "contractual salary" to a member's "base salary," and does not exclude "bonuses" from the pension calculation. Instead, all contractual payments set forth in a member's employment agreement including, as here, a member's work under a

10

shared-services arrangement and salary increases earned through merit, constitute creditable compensation.

In Siri v. Board of Trustees of the Teachers' Pension & Annuity Fund, 262 N.J. Super. 147 (App. Div. 1993), we interpreted the same statute and a similar provision of the same regulation. We held:

> The statute prevails over the regulation. "[I]n the execution of its rule-making power a state agency may not go beyond declared statutory policy." In re Increase in Fees by N.J. St. Bd. of Dentistry, 166 N.J. Super. 219, 233 (App. Div. 1979) [rev'd on other grounds, 84 N.J. 582 (1980)]. "Administrative regulations, of course, cannot alter the terms of a legislative enactment or frustrate the policy embodied in the statute." N.J. State Chamb. Commerce v. N.J. Elec. Law Enforce. Comm., 82 N.J. 57, 82 (1980).
>
> [Id. at 152 (first alteration in original).]

We again follow our decision in Siri here and conclude, as a matter of law, that the salary Clinton and Delaware Valley paid petitioner under her contracts for shared-superintendent services, including the merit-based salary increases she earned while working for Delaware Valley, were creditable for pension purposes under N.J.S.A. 18A:66-2(d)(1), irrespective of the Board's more limited regulatory definition of "compensation" under its regulation.

Moreover, we are also satisfied that even if the Board's regulation could be considered, petitioner would still be entitled to have her pension calculated

11

on the basis of these payments. Clinton and Delaware Valley required petitioner to provide the shared-superintendent duties to Lebanon and Frenchtown, respectively. This was not "extra work" or "additional services performed during a normal duty assignment." Rather, petitioner's obligations were part and parcel of the normal contractual duties the two districts assigned her during her regular work day and work year. Thus, neither N.J.A.C. 17:3-4.1(a)(1)(ii) nor (xix) is applicable to petitioner's circumstances.

In addition, the annual 2% merit-based salary increases petitioner earned from Delaware Valley each year cannot reasonably be characterized as "bonuses" and excluded from her creditable compensation under N.J.A.C. 17:3-4.1(a)(1)(iii). It is undisputed that these salary increases were cumulative with petitioner's salary and with her previous automatic and merit-based salary increases under her contract. Thus, these were not one-time "bonus" payments made in addition to, but not included in, petitioner's regular salary as mandated by her employment contracts with the districts. Therefore, even considering the Board's regulation, we are satisfied that these payments should have been included in the calculation of petitioner's pension benefit.

In so ruling, we reject the Board's contention that "[t]his matter is essentially controlled by" our decision in Francois v. Board of Trustees, 415 N.J.

Super. 335 (App. Div. 2010), because that case is readily distinguishable from the matter at hand.  In Francois, the petitioner was an employee of the New Jersey Economic Development Authority (NJEDA), and served on a "mobility assignment" for a two-year period as director of the real estate department of the Port Authority of New York and New Jersey (Port Authority).  Id. at 338.  The petitioner earned approximately $30,000 more working almost exclusively for the Port Authority during this period than he had at the NJEDA, and the Port Authority funded his entire salary.  Id. at 341.  At the end of the two years, the petitioner retired from the NJEDA, and continued to work at the Port Authority. Id. at 343-44.

Under these circumstances, we held that the $30,000 the petitioner received over and above his regular NJEDA salary was not creditable for pension purposes.  Id. at 356-58.  We reasoned that the Port Authority position was not covered by a New Jersey pension program, and we determined that "it [was] clear that limitations must be imposed upon practices which might artificially boost pension benefits or be inconsistent with the employer's payment of 'compensation.'"  Id. at 357.  Nevertheless, we ruled that based upon the equity of the situation, where the two employers told the petitioner his time at the Port Authority would count toward his pension, the lesser salary he would

A-4501-17T2

have received had he remained at the NJEDA for these two years was creditable. Id. at 356-58.

The factual circumstances in Francois are in no way similar to those presented here. In the present case, petitioner was employed first by Clinton, and later by Delaware Valley. It was these two employers who contracted with Lebanon and Frenchtown, respectively, to provide shared-superintendent services. Thus, petitioner never changed employers; she remained under the control and supervision of Clinton and Delaware Valley. Petitioner remained in the same pension system when providing shared services to the other districts, and was paid the salary she and her employers agreed upon in her employment contracts. As already noted, there is no indication that either petitioner or her employers entered into the shared services agreements with the neighboring districts to artificially boost petitioner's salary for pension purposes. Therefore, the Francois decision is simply inapplicable to the case at hand.

In sum, petitioner's entire salaries, including the contractual payments she received while assigned by her employers to perform shared-superintendent duties, and her merit-based cumulative salary increases while working for Delaware Valley, were creditable for pension purposes under the clear terms of N.J.S.A. 18A:66-2(d)(1). Accordingly, we reverse the Board's contrary

14

determination and remand so that the Board may reinstate petitioner's pension at the original amount, retroactive to the date it was incorrectly reduced.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4501-17T2